**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NOS.  04-584 and 04-586** |
| **STEVEN EVANS** | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                **January 4, 2012**

Citing Fed. R. Civ. P. 60(b)(4), petitioner Steven Evans challenges the district court's jurisdiction.  He argues that his convictions and sentences in both these cases are void because the district court did not have subject matter jurisdiction and there was no federal "jurisdictional authority" over him.  Although he was arrested in Philadelphia, Pennsylvania, he contends he "was not on federal land within a federal zone and/or in contract at the time with the federal government."  Thus, he claims the criminal proceedings against him were void *ab initio*.

The government argues that the petition is untimely, it is an impermissible successive habeas petition in the guise of a Rule 60 motion, and the claim is frivolous.  It relies upon 18 U. S. C. § 3231 which confers jurisdiction upon a district court for any offense against the United States.

Contrary to the government's position, the petitioner's lack of jurisdiction claim is properly brought under Rule 60(b)(4).  That rule specifically provides that a void judgment is a ground for relief.  Thus, because a lack of subject matter jurisdiction renders a final judgment void, *Kalb v. Feuerstein*, 308, U.S. 433 (1940), petitioner's reliance upon Rule 60(b)(4) is proper.

Nevertheless, petitioner cannot prevail.  Rule 60(b)(4) is not a substitute for a timely

appeal.  *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010).
Petitioner has previously made the identical claims that he now makes.  Although he did
not cite Rule 60, petitioner did assert the same jurisdictional argument.  He called his
pleading at that time a "Motion to Dismiss Federal Corporate Litigation."  He filed his
motion in Criminal No. 04-584 on December 6, 2006.  The same motion was filed in
Criminal No. 04-586 on November 12, 2009.  Those motions were denied on December
11, 2006 and November 16, 2009, respectively.  He did not appeal those denials.

Although the petitioner now characterizes the jurisdictional claim as a motion under
Rule 60, he is reiterating a previously made claim.  He did not file a timely appeal from the
Orders denying his jurisdictional motion.  Even though there is no definite time limit for filing
a motion under Rule 60(b)(4), there must be a limit to ensure finality.  As the Supreme
Court warned, "Rule 60(b)(4) does not provide a license for litigants to sleep on their
rights."  United Student Aid Funds, 130 S. Ct. at 1380.  That is what petitioner did here.
He cannot ruse Rule 60 to revive his claims more than two and five years after they were
denied.

Even if petitioner could reassert the identical claim which had been considered and
denied years ago, he could not succeed.  His claim is frivolous.  His contention that the
United States has no jurisdiction over offenses committed within a state's territory is wrong.
The offenses for which the petitioner was convicted and sentenced were offenses against
the laws of the United States.  Jurisdiction is granted pursuant to 18 U. S. C. § 3231 which
states, "the district courts of the United States shall have original jurisdiction, exclusive of
the courts of the States of all offenses against the laws of the United States."  Therefore,
the petition will be denied.